We'll now hear argument in the fourth and final case of the day. Appeal number 20-2223, Keith Manufacturing v. Butterfield. Mr. Colich, please begin. Thank you, Your Honor. Subject to questions, I'd like to discuss briefly both some procedural and substantive issues where Butterfield believes that the District Court abused its discretion. And I will start briefly by discussing the procedural issues that we see in this case. To begin with, the District Court applied a Rule 60B analysis to a supplemental brief. On the other hand, Rule 60B states explicitly that relief under that rule can only be granted quote, on motion. And yet there was no motion filed in this case under Rule 60. Counsel, this is Judge Hughes. I don't really understand why the District Court used Rule 60B analysis, but we vacated his prior order, which was the order in this case, and remanded it for further proceeding. So wasn't it well within his discretion to ask for supplemental briefs and reconsider his prior order since there was no more final order in the case on attorney's fees? Thank you, Your Honor. Well, Butterfield does not agree with that, although it's true that the Federal Circuit vacated the underlying opinion. Well, you may not agree with it, but what's the legal basis that would prevent him from reconsidering the case after we vacated his order? There was nothing that could be law of the case or Your Honor, it seems to me that by vacating the underlying opinion, the Federal Circuit was merely vacating the issue under appeal. To reconsider a separate issue that was never appealed seems to be inconsistent. Why did that issue have to be appealed? They had won. There was nothing for them to appeal. They could have potentially made it as an alternative argument for affirmance, but if they tried to appeal the prevailing party issue, it would have been dismissed as an improper cross-appeal. I'm sorry, Your Honor, I don't understand that statement. I don't understand your procedural objections here at all. You know, the District Court may have not used Rule 60 properly, but it's pretty clear to me from our decision, prior decision in this case, is we rejected his reliance on Microsoft and sent it back and said, try again. And that try again doesn't mean that he's precluded from reconsidering the prevailing party status. Understood, Your Honor. In that case, I will skip the remaining discussion of the procedural issues and move straight to the substantive issues, which we think are also dispositive. Thank you for that comment and for saving me that breath. So turning to the substantive issues on the prevailing party analysis, specifically Oregon law and specifically Oregon Rule of Civil Procedure 54A states, quote, unless the circumstances indicate otherwise, the dismissed party is the substantive determination for prevailing party analysis when a case is dismissed voluntarily. And that same rule, Section A1, states that it applies, quote, to dismissals by plaintiffs and, quote, by stipulation, as happened in this case. There were no circumstances in this case indicating otherwise, and therefore Butterfield was the prevailing party under Rule 54A3 and under Oregon law. The district court based its entire opinion to the contrary on the distinction between a dismissal, quote, by the plaintiff and a dismissal, quote, by stipulation. And Butterfield believes that is clear error when the statute explicitly states that it applies equally to dismissals by the plaintiffs and by the stipulation. That's the primary substantive argument that we think calls for reversal of the district court's decision. The only other issue that was raised by the district court is the fact that there was no judgment document filed in this case. That is a procedural requirement of Oregon law. And in Butterfield's opinion, that procedural requirement cannot be applied in this situation, because it would imply that a party could not get the same relief from federal court that it could get from the Oregon state court. Because having this case- I'm not sure I follow that argument, counsel. Why is it a procedural argument? And why, if you wanted this judgment to qualify under state law, didn't you ask the district court to enter a judgment confirming the stipulation? You could have done that. You didn't do it. That's correct, Your Honor. We didn't do it because we didn't think that it was a requirement. As you know, under Rule 41, a case can be dismissed in federal court by stipulation without a judgment document. And so there is no procedural requirement of getting a judgment document. I'm not sure why you keep calling this a procedural requirement. Whether there's a judgment or not is also relevant under federal law for attorney's fees. And that's why these stipulations for dismissal without involvement in the court don't qualify either parties for prevailing party status for attorney fees in federal court. If you want prevailing party in federal court, you also have to ask for a judgment. So why do you keep calling this a procedural requirement? It seems to me that it's a substantive requirement of the prevailing party status. Your Honor, Oregon law calls this a procedural requirement. And I will cite a case for that proposition if you'll bear with me for just a second. Garcia v. DMV, which is cited at page 24 of Butterfield's principal brief in the end of the first paragraph on that page, calls the submission of a form of judgment or a judgment of dismissal document in state court, quote, a procedural step. And in fact, if that were viewed as a requirement in federal court, then these state law claims would not even be dismissed formally as it stands now because Oregon state law says that in state court, these claims are not even adjudicated until this final judgment document is submitted. Clearly, that's not the case in federal court because the case is closed and we're not talking about the merits anymore. So Oregon law calls it a procedural step. That's why I used that phrase. Is it a procedural step to perform a substantive requirement? I'm not sure I understood that question, Your Honor, but the filing... Is it a procedural step to perform a substantive requirement? I don't believe it's a substantive requirement. I think that... That was the question. I don't think there's anything inconsistent with the fact that Oregon law could require a procedural step to get to a substantive result, if that answers your question. I think there are plenty of statutes that have both procedural and substantive aspects, and this is one of them. But I don't think the procedural aspects can apply in federal court without violating the Erie Doctrine. If this case had been entirely in state court, the filing of this judgment document would be automatic. It would not be done by the court. It would simply be a form that one of the parties files to close the case. That, as I said, is called a procedural step under Oregon law. That requirement doesn't exist in federal court. So there was simply no reason for the parties and certainly for Butterfield to file such a document or cause such a document to be filed after becoming the dismissed party. He became the prevailing party under Oregon law. That's what the substance of the law says. The dismissed party is the prevailing party. That's the statutory language. Butterfield clearly is the dismissed party. So if I understand the tone of your questions correctly, Your Honors, it sounds as you're really wondering whether the lack of a judgment document would satisfy the circumstances indicate otherwise language. And Butterfield submits that that should not be the case because the submission of a judgment document in state court is simply a procedural requirement. It doesn't include any court input. It's a form that the parties file with the court to signify their agreement that the case has been dismissed. That's all it is. It's not a court order. And for that reason, it is a procedural requirement. And as the dismissed party, Butterfield should be the prevailing party. Okay. Unless you have further questions at the moment, I'll reserve the remainder of my time to rebuttal. Thank you. Okay. Thank you, Mr. Kolich. We'll now hear from Mr. Kayser. Thank you, Your Honor. We've now gone through two motions for attorney's fees. We're technically on appeal, which is this. A party can stipulate to end a case without a court order or any judicial action under rule 41A1AII, bearing in mind that a stipulation involves some kind of agreement. And the question is, can the party then claim to be prevailing and have a judgment against the party when no judicial action is involved? And just to address the questions that just came up, it is a substantive requirement that judgment be entered in order for a party to prevail on a state contract claim. It's true that there's a procedural rule in Oregon, Oregon's rule 54. Mr. Kolich left off part of the rule, which is the rule states that judgment has to be entered. But there's a separate statute in Oregon that also sets forth the substantive requirement that a favorable judgment has to be entered in order for a party to be prevailing. It's that simple. The appellant doesn't have any authority for taking the position it's been taking and the authority points in the opposite direction. The plain answer to the question is you just can't do what the appellant is trying to do. On a practical note, many companies have financing agreements with their banks that require periodic financing statements that are prepared by accounting firms. It's not unusual for an attorney in private practice to receive an audit request letter from an accounting firm that asks for a report of lawsuits or liabilities, that sort of thing. And according to the appellant, if I had to respond to an audit request letter on behalf of my client, I'd have to report that there's a judgment against my client. Or you can look at it another way. It's not unusual for banks to ask potential borrowers whether the borrower has any outstanding judgments against them. So, according to the appellant, my client would have to answer that question, yes. If this panel agrees with the appellant, it's going to lead to some new topics in continuing education classes for both the appellant and the client. I also was somewhat confused by why the district court raised Rule 60B. I don't think it was necessary, but it did. And certainly, it was within the court's discretion to reconsider and correct any mistakes that it made earlier. So, we ask that you affirm the district court's decision. Thank you. Did either party suggest to the judge that he might want to reconsider using Rule 60B? You may have cut out a little bit, Your Honor, but I think your question was, did anyone suggest to the judge that he may want to consider using Rule 60B? And the answer is no. Neither party did. We just did what the district court told us to do. And the district court did the right thing. I mean, its earlier order had been vacated and remanded. And so, the district court asked the parties, what do you think about the case? What's left? And we said that, Your Honor, we're going to go with what it is. And of course, the other party said, well, we win. It's time to calculate our attorney's fees. And the district court gave permission to both parties to file supplemental briefs and raise any issue they wanted to raise. That's what we did. And so, then of course, when the district court issued its second opinion, it raised the Rule 60B issue on its own. Okay. If there are no further questions, thank you very much. Okay. Thank you. We'll hear from Mr. Kolic now who has some rebuttal time. Thank you, Your Honor. First, I'll agree with Mr. Kaser. Neither party raised Rule 60. That was the court relying on that rule on its own. But I won't rebut further on the procedural issues. I agree with your point about that. On the substance, it seems to me that Mr. Kaser brought up the question of whether there was a judgment in this case. And Butterfield's view is that the federal circuit's prior opinion in the case stated, if not affirmatively, at least impliedly, that there was a Federal Rule 54 judgment. Because that was, in fact, the only issue that was appealed previously in this matter. And Butterfield appealed the court's reliance on Microsoft to determine that there was not a Rule 54 judgment. The federal circuit vacated that and enumerated all the reasons why there should have been a Rule 54 judgment by virtue of the Federal Rule 54. So if there was a Rule 54 judgment, then Butterfield's position is that that obviates the requirement of this so-called state court judgment document because the federal circuit essentially held there was a judgment. Oregon law states that if there's a judgment, then the dismissed party is the prevailing party, even if they're dismissed by stipulation. So what we have in this case is a dismissal by stipulation, a finding by this court that there was a judgment by virtue of that stipulated dismissal, and Oregon law stating that a dismissed party that gets a judgment is a prevailing party. Putting that together, we contend that there was clear error by the district court. Thank you, Mr. Kolich. The case is submitted, and that concludes argument for today. Thank you. Thank you. Court is adjourned from day today.